IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

EMMANUEL GACHAU,

    Plaintiff,

v.                                                        C.A. No.:    4:20-cv-34

TIER ONE ENERGY SERVICES, LLC, and
MARCOS GALVAN,

    Defendants
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, EMMANUEL GACHAU (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, TIER ONE ENERGY SERVICES, LLC, and MARCOS GALVAN (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## **INTRODUCTION**

1. This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, TIER ONE ENERGY SERVICES, LLC, has offices Reeves County, Texas.

## THE PARTIES

4. Plaintiff, EMMANUEL GACHAU, is an individual residing in Lake County, Florida.

5. Plaintiff, EMMANUEL GACHAU, was employed by Defendants from February 18, 2019, until July 20, 2019, as a "Truck Driver," at the regular rate of $20.00 per hour. Plaintiff's principle duties were to haul water to and from oil fields located solely within the state of Texas.

6. Defendant, TIER ONE ENERGY SERVICES, LLC, is a limited liability company existing under the laws of the State of Texas and maintains offices in Reeves County, Texas.

7. Defendant, TIER ONE ENERGY SERVICES, LLC, is a company that primarily operates a trucking business and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, MARCOS GALVAN, is an individual residing in Reeves County, Texas.

9. Defendant, MARCOS GALVAN, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, TIER ONE ENERGY SERVICES, LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10. Defendant, MARCOS GALVAN, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

11. Defendant, TIER ONE ENERGY SERVICES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendant, TIER ONE ENERGY SERVICES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, TIER ONE ENERGY SERVICES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

15. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiff performed work relating to the production of oil and gas products for interstate commerce.

## **VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

16. Plaintiff 1) occupied the position of "Truck Driver;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on an straight hourly basis.

17. Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

18. Plaintiff was not paid for his overtime work in accordance with the FLSA.

19. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

20. Specifically, Plaintiff was never paid any additional half-time premium for the work performed for Defendants that was in excess of 40 hours in a workweek.

21. The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

22. In fact, Plaintiff worked numerous workweeks wherein he worked between 80 and 100 hours in each workweek of his employment.

23. Defendants' policy of not properly paying overtime is company-wide and was willful.

24. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

25. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

26. The acts described in the above paragraphs violate the Fair Labor

Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

27. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

28. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, EMMANUEL GACHAU, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, EMMANUEL GACHAU, demands a jury trial on all issues so triable.

Respectfully submitted this May 5, 2020.

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _____
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810
        **ATTORNEYS FOR PLAINTIFFS**